2m e457
97  299

CASE 26—PETITION EQUITY—DECEMBER 24.

# Wintersmith and Young vs. Pointer & Conway.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. Persons dealing with a member of a firm in his individual capacity, have a right to look to and rely upon his interest in the partnership effects as part of his means; they are bound, however, to know that the extent of such interest depends in every case not only on the amount of capital invested by him, but also on the contract of partnership, and the amount of partnership liabilities.

2. A creditor of one of the members of a firm can only subject to the payment of his debt whatever his debtor is entitled to in the partnership assets on a full settlement of the partnership affairs.

3. The right of a creditor, who claims the benefit of the act of 1856 to prevent fraudulent assignments and other fraudulent conveyances, to treat the sale or transfer by his debtor as an equitable assignment for the benefit of creditors generally, depends upon the filing of a petition by himself, or some other interested person, within the time prescribed by the act, which fact must be made to appear in the petition.

In 1858 Wintersmith and Young recovered judgment against Conway, upon a note executed in 1849. Execution issued, which was levied " upon the entire interest of said Conway in the drug store of Pointer & Conway, in the town of Owensboro;" and at the sheriff's sale Wintersmith and Young purchased at the price of $30, in part satisfaction of the debt, and, as to the remainder thereof, the execution was returned "no property found." Conway had owned the drug store, but in June, 1857, entered into a contract of partnership with Pointer. This action in equity was brought by Wintersmith and Young to recover one half of the store, to which they contend Conway was entitled, and for a sale of the store and division of the proceeds. They also sought relief by the amended petition mentioned in the opinion. Their right to recover was resisted upon the grounds which sufficiently appear in the opinion. Upon the hearing the circuit court dismissed the plaintiffs, and they have appealed.

GEO. H. YEAMAN, for appellants, cited 8 *B. Mon.*, 485; 8 *Dana*, 288; *Story on Partnership, secs.* 54, 49, 101, 311; 7 *Dana*, 368; 1 *Smith's Leading Cases*, 976; *Ib.*, 979, 982, 984; *Collyer on Partnership, secs.* 385, 386; 1 *Met.*, 19; *Ib.*, 145; *Hill on Trustees, top page* 197, *side page* 144; 2 *Brockenbrough*, 133, 153; 1 *Am. Lead. Cases*, 463.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

To what extent partnership property is liable for the individual debts of a member of the firm, is the first question that arises in this case.

It is contended that the appellees, Pointer & Conway, having acted as partners, and conducted the business of the firm as a joint one, are estopped to deny that they are equally interested in the partnership effects, and that their liability as partners extends not only to partnership, but also to individual liabilities.

This argument is based on a misapplication of the principle that renders all the members of a firm liable for partnership responsibilities. In such a case, persons dealing with a firm trust it on the credit of all its members, and have a right to

regard each member as individually responsible for every partnership contract. But not so in regard to persons dealing with a member of the firm in his individual capacity; they give credit to him alone, and deal with him on the faith of his own means exclusively. They have a right to look to, and rely upon, his interest in the partnership effects as part of his means; they are bound, however, to know that the extent of such interest depends in every case not only on the amount of capital invested by him, but also on the contract of partnership, and the amount of partnership liabilities. They have no right to regard him as equal in interest with the other members of the firm; no such conclusion is authorized by the fact that they conduct the business of the firm as partners, an equality of interest not being either necessary or universal in the formation of partnerships.

A creditor, then, of one of the members of a firm, can only subject to the payment of his debt whatever his debtor is entitled to in the partnership assets on a full settlement of the partnership affairs. In this case it is evident from the terms of the partnership, and the facts appearing in the cause, that Conway, against whom the appellants had an unsatisfied judgment, was not entitled to any part of the firm assets at the time they had their execution levied on the partnership effects, and, consequently, the court below correctly decided that no part of the assets of the partnership could be applied to the payment of their debt.

The record presents another question for our determination. The appellants, who were plaintiffs in the court below, filed an amended petition, in which they allege that Conway, being the sole proprietor of the drug store, now owned by him and Pointer as partners, sold the same to Pointer on the 10th day of June, 1857, and that said sale was made "in the *anticipation* and *expectation* of insolvency," with the design to prefer one creditor to the exclusion of others, and that Conway was insolvent at the time the amended petition was filed.

This amended petition was not filed until the 18th of September, 1858, nor was the action in which it was filed brought until August, 1858, more than one year after the making of the

. sale which was alleged to have been made in the *anticipation* and *expectation* of insolvency.

We deem it unnecessary to decide whether the language used in the amended petition amounts substantially to an averment that the sale was made in *contemplation* of insolvency, or whether it fails to convey that idea in its full and entire meaning, inasmuch as the plaintiff failed to show that he was entitled to the benefit of the provisions of the act of 1856 to prevent fraudulent assignments and other fraudulent conveyances.

The second section of that act reads as follows: "All such transfers as are herein declared to inure to the benefit of creditors generally, shall be subject to the control of courts of equity upon the petition of any person interested, filed within six months after the recording of such transfer, or the delivery of the property or effects transferred."

A creditor who claims the benefit of this act, must file his petition alleging the facts on which he bases his claim, within the time prescribed by the act itself. His right to treat the sale or transfer as an equitable assignment for the benefit of creditors generally, depends upon the filing of a petition by himself or some other interested person, within the time mentioned. This fact being essential to the existence of the right, must be made to appear, either by a direct allegation on the subject in the petition, or by stating therein the time the transfer was recorded, or the sale made and property delivered, so that by reference to that statement, and the time the petition was filed, it shall appear to have been filed within the time limited.

In this case, instead of its being made to appear that the petition was filed in proper time, it clearly appears that it was not so filed. And as the petition does not contain an allegation that any other creditor, or person having an interest, had filed a petition in due time, claiming the benefit conferred by the statute, the appellants failed to show a right to claim that the sale referred to by them inured to the general benefit of the vendor's creditors.

Wherefore, the judgment dismissing the petition is affirmed.