## LUCY J. BREWER, ET AL., *v.* JESSE HILL, ET AL.

**Assignment or Mortgage—Rights of Creditors.**

> The creditors of one who has made a sale, assignment or mortgage in violation of the Act of 1856 have the right to have such a transfer adjudged as a transfer of all the debtor's property for the equal benefit of all of his creditors, provided one or more of them brings an action for that purpose within six months after the instrument is recorded or the property delivered.

**Mortgage Set Aside for Fraud.**

> A creditor who has not procured a judgment and execution and a return of nulla bona cannot maintain a suit to subject property or set aside a mortgage because made in fraud of creditors.

### APPEAL FROM HENRY CIRCUIT COURT.

September 17, 1878.

OPINION BY JUDGE COFER:

The act of 1856 gives to the creditors of one who has made a sale, assignment or mortgage in violation of its terms a right to have such sale, assignment or mortgage adjudged to operate as a transfer of all the debtor's property for the equal benefit of all his

creditors, provided some one or more of such creditors shall bring an action for that purpose within six months after the mortgage or transfer is legally lodged for record, or the delivery of the property or effects so transferred.

The appellants did not sue until more than six months after the recording of the mortgage and after the possession of the land had been surrendered to the mortgagees.

The mortgage to Kephart and others was recorded February 19, 1869, and possession of the mortgaged property was surrendered and the equity of redemption was sold, as alleged in the petition, March 5, 1872, and this suit was not commenced until September 8, 1872. Thus it appears on the face of the petition that the suit was not commenced in time to entitle the appellants to relief under the act of 1856, even if the allegations be conceded to be true.

That some or even all of the appellants were infants when the right of action accrued can make no difference. The second section of the act is not a statute of limitation, but an enabling act. It gives a right of action which did not previously exist; and declares that the right must be exercised within a specified time. In such cases the plaintiff must show that he comes within the time allowed. *Wintersmith & Young v. Pointer & Conway,* 2 Met. 457. The statute does not extend the time in favor of infant plaintiffs, and the court has no power to do so.

The allegation of actual fraud is not sustained by the evidence. There was no error in dismissing the petition as to Moore. He was sued as the surety of Hill in his bond as administrator of Brewer, but none of the covenants contained in the bond were set out in the petition, and it therefore did not contain a statement of facts constituting a cause of action against him.

And we may remark in regard to the charge of actual fraud in the mortgage to Kephart, and the deed to Griffin Kelly, that the appellants not having a return of nulla bona against either Hill or Moore could not maintain a suit to subject the property on the ground that it had been conveyed in fraud of creditors.

The judgment must therefore be *affirmed.*

*Wm. Cornwall, for appellants.*

*Webb & Masterson, Caldwell & Howard, for appellees.*