LAURA G. GERRISH *vs.* HORACE B. SHATTUCK.

Middlesex. May 5; Nov. 9, 1881. — Feb. 4, 1882. C. ALLEN, J., absent.

A. conveyed to B. a parcel of land bounded on a street "excepting and reserving" to himself, his heirs and assigns, "a passageway four feet wide, in, through and over said premises," from said street to A.'s house on an adjoining piece of land. The parties subsequently located the way on the northerly side of the land conveyed. B. dug up the way and began to build upon and over it. *Held*, on a bill in equity by A. against B., that B. was entitled to build over the way, placing no part of the building upon it, and leaving it of a reasonable height; and that A. was entitled to have the soil of the way restored to its former condition.

BILL IN EQUITY, filed October 11, 1879, to restain the defendant from obstructing a passageway running from Prescott Street in Lowell to the plaintiff's land.

After the former decision, reported 128 Mass. 571, the case was heard by *Soule*, J., on the form of the final decree. The plaintiff asked the judge to sign the following decree: "This cause came on to be heard, and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged, and decreed that the defendant, within        days from the entering of this decree, remove all erections and obstructions placed or built by him in and upon the passageway described in the plaintiff's bill, which passageway is located next southerly of the northerly

line of the defendant's land, and extends the whole length thereof, from the plaintiff's land to Prescott Street, and is four feet in width throughout its entire length; and that within said time the defendant fill up the excavations in said passageway described in said bill, and restore the whole of said passageway and make the same as good and firm as it was before the earth therein was removed by him therefrom. And it is further ordered, adjudged and decreed, that the defendant be and he hereby is forever enjoined from erecting or placing any building, wall or other obstruction in, upon or over said passageway, or any part thereof, or in any manner interfering with or obstructing the plaintiff's peaceable use and enjoyment of the same over the whole length and breadth thereof. It is further ordered, adjudged and decreed that the plaintiff recover her costs, to be taxed by the clerk."

The judge declined so to do, and signed the following decree: "This cause came on to be heard, and was argued by counsel, and thereupon, on consideration of the court, it is ordered, adjudged and decreed that the plaintiff is entitled to a footway four feet in width immediately south of the northerly line of the defendant's land and extending from the line of the plaintiff's land to Prescott Street; and that the defendant be forever enjoined not to place, erect or maintain any wall on any part of the land included in said way in such manner as to obstruct the plaintiff in the enjoyment of a footway over the whole length and breadth thereof; but nothing in this decree is to be construed as forbidding the defendant temporarily to use the land included in said way in any reasonable manner for the purpose of repairing said footway, or for any other purpose which shall not interfere with the plaintiff's enjoyment of said way, nor as forbidding him to extend any building over the same, at such height, not less than eleven feet above the ground, as not to interfere with the reasonable use and enjoyment of said footway by the plaintiff, and in such manner as not to be dangerous to persons using said way. It is further ordered, adjudged and decreed that the plaintiff recover her costs, to be taxed by the clerk."

The plaintiff appealed; and the judge reported the case for the determination of the full court, the decree to be affirmed or

such other decree to be entered as justice and equity required. The pleadings and the report of the case on which it previously came before this court were made part of the report. So much thereof as is necessary to an understanding of the case appears in the opinion.

*J. N. Marshall & M. L. Hamblet*, for the plaintiff.

*D. S. Richardson & G. F. Richardson*, for the defendant.

DEVENS, J. The rights of the plaintiff depend upon the construction to be given to the reservation in the deed of her father, Nathaniel Wright, in 1857. Wright in that year sold to William H. Burnap, whose rights have been acquired by the defendant, a parcel of land on Prescott Street by a deed containing the following: " Excepting however and reserving to myself my heirs and assigns a passageway four feet wide, in, through and over said premises from said Prescott Street to my tenement on the westerly side thereof." The plaintiff has acquired by inheritance, and by deed from the other heirs, the parcel of land on which was the tenement referred to, and the right of way over the defendant's land, which was reserved in the deed to Burnap.

The effect of the reservation was of a right of way only; and at the former hearing of this case it was held that, the way being of fixed width and having been definitely located by the subsequent acts of the parties interested, the plaintiff was entitled to have it kept open where it was thus located, and therefore that the defendant could not erect a wall sixteen inches in width on the northerly side of it even if a way four feet in width was left for the plaintiff's use, as the plaintiff could not be compelled to accept a way substituted for the one to which she was entitled, even if equally convenient and useful. *Gerrish* v. *Shattuck*, 128 Mass. 571.

The contention of the plaintiff now is that the defendant cannot be permitted to extend any building over the way thus located, as it would necessarily render the passageway darker and less agreeable, and would also interfere with the plaintiff's enjoyment of light and air at his building. It is found by the original report, that eleven feet was a reasonable height for the way in question, that it never had been used for a carriage-way, that it was not suitable for such a way, nor intended to be so used, and

that the means of going to and from the plaintiff's lot would be practically as convenient and useful as any she had heretofore enjoyed.

Upon this state of facts, *Atkins* v. *Bordman*, 2 Met. 457, is apparently decisive of the case before us. It was there held that the owner of land over which a passageway had been reserved might lawfully cover such passageway with a building if he left a space so high, wide and light that the way continued substantially as convenient as before for the purposes for which it was reserved. Nor can a distinction be drawn between that case and the present, as the plaintiff contends, because there the way reserved was a convenient way, while here the way had been definitely located by the acts of the parties. Such location had reference only to its position upon the surface of the soil, and, even if when thus defined the way was actually open, there was no location so far as height was concerned except so far as it was reasonably necessary for the use of such a way. The plaintiff has obtained no right to light and air above the way; she has only the right of passing and repassing, with such incidental rights as are necessary to its enjoyment. The defendant has all the rights and benefit of the ownership of the soil consistent with this easement. *Perley* v. *Chandler*, 6 Mass. 454. *Atkins* v. *Bordman*, *ubi supra*.

The plaintiff further objects to the term "footway" used in the decree appealed from; but this term is used in describing the passageway only to distinguish it from a horse or carriage way, for which it had never been used and for which it was not suitable. It was not intended thereby to prevent the use on such way of vehicles such as are usually drawn or propelled by foot passengers.

In one respect the decree entered requires modification by an addition thereto. The bill avers and the answer admits the digging up by the defendant of the way (as it has been held by this court to exist) for its entire length and breadth to the depth of about ten feet, and the carrying away of earth therefrom. The defendant had no right thus to disturb the plaintiff in her enjoyment of her easement, and he should be ordered to fill up the excavation so far as it interferes with the surface of the way, or otherwise restore the way so that it shall be as firm,

sound and convenient as it was when his operations commenced. *Tucker* v. *Howard*, 128 Mass. 361. *Nash* v. *New England Ins. Co.* 127 Mass. 91.

The defendant calls our attention to the first report, where it is found " that the operations of the defendant would not be an unreasonable obstruction of the passageway or a violation of the plaintiff's rights." But this finding was made upon the basis of the opinion held by the learned judge, that the way to which the plaintiff was entitled was one not definitely located, which opinion was erroneous.

The decree as entered should be amended therefore by inserting, after the clause ordering the defendant "not to place, erect or maintain any wall on any part of the land in said way in such manner as to obstruct the plaintiff in the enjoyment of a footway over the whole length and breadth thereof," a clause providing that the defendant shall within thirty days from the final entry of the decree make the surface of said way as firm, sound and convenient as it was before the earth was removed by him therefrom. *Decree accordingly.*