JACOB SUTTON

*v.*

GEORGE GROLL.

· The owner of the fee in the soil, over which is a right of way (an alley),
may erect a building over said way, if, in so doing, he does not interfere with
the right of way.

On bill for injunction.

*Mr. H. M. Snyder, Jr.,* for complainant.

*Mr. T. B. Harned,* for defendant.

BIRD, V. C.

· The owner of a plot of ground laid it out in lots. The plot
was bounded on two sides by open streets. On the rear of the
lots fronting on C street he opened an alley-way leading to the
other, D street. Groll purchased both the lot on the corner, front-
ing on C street, extending along D street to the said alley, and
also the lot on the other side of the said alley, on D street; so
that Groll owned both sides of the alley. By his title deeds,
Groll has the fee in the alley-way. By virtue of his deed, Sut-
ton claims the unobstructed use of this alley-way from D street
to reach the rear of his lot. And there is no dispute between
the parties but that Sutton has, by purchase, all the rights which
any one claiming such easement, under such a title, is entitled to.

Groll has erected a building on both of his lots, the walls of
which abut the sides or lines of this alley-way. These walls are
carried up ten feet, and at that elevation Groll has commenced
the work of joining the two buildings, thus, of course, prevent-
ing all use of the space occupied by the building. Sutton asks
that Groll may be enjoined.

What, therefore, is included in the ordinary grant of a right
of way, commonly called an alley-way? The complainant relies

on *Kana* v. *Bolton, 9 Stew. Eq. 21.* So far as the right to an ease-
ment entered into the controversy in that case, it was not decided
that building over or across it, six feet above the ground, was or
was not an obstruction. Nor can I find any case which supports
the claim of the complainant. But so far as the question has
been considered by the courts, the cases are against the complain-
ant. In Massachusetts the owner of an adjoining tenement, who
had the fee in the soil over which was a way, built over the way
at an elevation of eleven feet, and the court (*Gerrish* v. *Shattuck,*
*132 Mass. 235*) held that it was lawful for him to do so. See,
also, *Atkins* v. *Bordman, 2 Metc. 457.* In the case before me
it appears that in describing the property the way is referred to,.
and that following the description are these words:

"Together with the appurtenances, and also the free and joint use of said
five feet three and a half inch wide joint alley, for ingress and egress, for-
ever."

There is nothing to show any special use intended. The
usual and ordinary rights conferred upon a grantee can only
be taken into an account in such case. What are those rights?
Only the right of ingress and egress upon the surface of the
soil; not beneath the surface, not above the surface at such ele--
vation as he may elect. He could not construct an underground
way, nor a drain, nor other openings. He could not construct an
elevated way in order to reach his lot or dwelling or any part.
thereof. His rights are confined to and upon the surface of the
soil.

Not so limited are the rights of the owner of the fee. He
has only conveyed the right to the use of the surface. All other
rights of ownership, not inconsistent therewith, he retains and
may exercise. If he does not interfere with the right of way,.
he may use the subsoil, or go beneath the surface for any pur--
pose; and so, undoubtedly, he may appropriate the space above
the surface. Below the surface he has imposed no barrier; and
above none, except the right of way, and with this exception all.
other rights are as perfect as they can be.

Does the erection of a structure over said way, at an elevation

of nine or ten feet, interfere with or obstruct the right of the complainant to ingress and egress? I think not. There is nothing in the case to show that when he purchased his lot he intended to engage in anything that would suffer by the proposed erection; nor that since he has undertaken anything which cannot so well be done. So that I can find nothing in the present situation, nor in any of the attending circumstances at or since the grant which calls for the interference of this court.

I think the injunction should be denied, and the bill dismissed, with costs.