THOMAS J. JARMAN

*v.*

ABRAHAM FREEMAN.

[Submitted January 22d, 1912. Determined March 22d, 1912.]

1. Where a deed grants the use in common of a passageway extending on one side of the lot granted between the lot granted and the land of the grantor, as a private way for travel and drainage, and the grantor reserves the fee, the grantee cannot enlarge the easement to accommodate land other than that to which it is appurtenant, and has only the right to enjoy the estate granted, while the grantor, who owns the fee in the way, and whose rights are not founded in grant, may use his property for any purpose consistent with the full enjoyment of the easement, but he cannot extend the use of his way to other lands so as to impair the easement which he has granted.

2. A use of a way by one under a claim of right at such times as his convenience and business needs require for the purpose of hauling goods to and from a building is such a continued use as will in time ripen into a prescriptive right, and the use, if unauthorized, invades a clear legal property right calling for the exercise of injunctive relief.

---

Final hearing on pleadings and proof.

*Messrs. Chandler & Robertson,* for the complainant.

*Messrs. Bourgeois & Coulomb,* for the defendant.

LEAMING, V. C.

The facts of this case, as they appeared at the return of the order to show cause for a preliminary injunction, are set forth in *78 N. J. Eq. (8 Buch.) 464.* A preliminary injunction was denied because it was then thought that complainant's conduct had induced defendant to erect his warehouse at the end of a certain alley in the belief that he would be permitted by complainant to use the alley, which use the bill sought to restrain. But

for that aspect of the case a preliminary injunction would have
been issued at that time.

At final hearing it has been established as a fact that de-
fendant erected his warehouse with full knowledge that com-
plainant would contest any effort upon defendant's part to use
the alley for the purpose of hauling goods to and from that
building.

A further examination of the views expressed by me at the
preliminary hearing touching the rights of the parties, in the
absence of the equitable bar referred to, confirms the views then
expressed. My conclusion then was that the owner of the ser-
vient tenement could not, against the owner of the dominant
tenement, extend the use of the way to lands other than those
for which the way was established by the terms of the grant,
when such added use should be operative to interfere with the
full enjoyment of the easement in behalf of the dominant tene-
ment or to increase the burden of repair which accompanied
the easement.

It is now manifest that the continued use of the alley by de-
fendant for the purpose of hauling goods to and from his ware-
house will not only interfere with the full enjoyment by com-
plainant of the easement as contemplated by the grant, but will
also necessarily increase his burden of repair. The grant to
complainant vests in him the right to use the alley as a way for
the benefit of his adjacent land at any time; this right is in
common with, and is to be exercised in connection with, a similar
right of use of the alley by the owner of the fee for the benefit
of his adjacent land. It follows that the right of use of the
alley thus vested in complainant is only restricted by the similar
right of the owner of the fee, and any extension of the use of the
alley by the owner of the fee for the benefit of other lands is nec-
essarily operative as a restriction of complainant's privileges co-
extensive with the magnitude of the extension, and the burden of
repair is in like manner increased by the extended use.

Complainant's legal title to the easement is not denied, and
the nature or extent of the rights incident to such an easement
is not in substantial dispute. The answer asserts as a defence
acquiescence on the part of complainant and avers that the use

of the alley by defendant will not interfere with its use by complainant or add to the burden of its maintenance. The evidence offered to sustain the defence of acquiescence fails to disclose any acquiescence in the use of the alley for any such purposes as the same is now being used by defendant. The claim that defendant's use of the alley will not disturb complainant's use or add to the burden of maintenance also fails. It is clearly unnecessary for the evidence to disclose any specific instance in which defendant has excluded complainant from the use of the alley at a time when complainant has desired to use it. The evidence discloses that the use which defendant has been making of the alley, and which he proposes to continue to make of it, is under claim of right to use it in such manner and at such times as his convenience and business needs shall occasion for the purpose of hauling goods to and from his warehouse. Such use is a continuous use and will in time ripen into a prescriptive right. This class of invasions or threatened invasions of a clear legal property right calls for the exercise of the preventive powers of this court.

I will advise that an injunction issue restraining defendant from using the alley in question for the purpose of hauling goods to and from his warehouse.