MARGARET DUNCAN *vs.* RALPH P. GOLDTHWAIT & another.

Suffolk.   December 4, 1913. — January 9, 1914.

Present: RUGG, C. J., HAMMOND, BRALEY, & DE COURCY, JJ.

*Way,* Private.  *Deed.  Boundary.  Easement.*

Where two lots of land, abutting for thirty-four feet on the opposite sides of a private way, were conveyed to two different persons, by the original owner of a tract of land that included such lots with others and the passageway, by deeds bounding the lots on the way and containing no express grant as to the way other than a right to use it as a common passageway together with others likewise entitled, and later such lots are acquired by one person, such person presumably becomes the owner of the fee in the way and has a right to build a bridge fifteen feet above the ground across the way unless by reason of the circumstances and the parties at the time of the original grant an additional easement arises by implication that the way should be kept open to the sky for light, air, prospect or any other purpose of convenience.

Where, at the time of an express grant by deed of a right to use a certain private way as a common passageway, it appears that the way was laid out by the common grantor for the purpose of selling lots belonging to a certain estate in order to settle the estate, that it was not in a thickly settled district and was used only by persons who collected ashes and garbage, no easement that the way should be kept open to the sky for light, air, prospect or any other purpose of convenience can be added to the grant by implication.

BILL IN EQUITY, filed in the Superior Court on June 12, 1912, and afterwards amended, seeking to enjoin the defendants from constructing a connecting bridge across a passageway as described in the opinion.

The case was heard by *Morton,* J., a commissioner having been appointed to take the evidence.  The judge filed a report of the material facts found by him, which are stated in substance in the

opinion. A final decree was entered dismissing the bill; and the plaintiff appealed.

*D. E. Irwin,* for the plaintiff.

*R. J. Lane,* for the defendants.

DE COURCY, J. The passageway in question is twelve feet in width, less than one hundred feet in length, is closed at its northerly end, and at its southerly end it opens into another twelve-foot passageway that leads into Washington Street, in the Roxbury district of Boston. The Goldthwait Furniture Company, hereinafter called the defendant, owns the southerly lot on the east side of the way; and it is agreed for the purposes of this case that it has all the rights of the owner of the lot opposite.* The plaintiff's lot also is on the easterly side of the way, immediately north of the defendant's. The owners of all the lots concerned in this case derived their titles from the same source. The defendant has placed girders across the passageway between its two buildings for the purpose of constructing a connecting bridge about four feet in width, at a height above the surface of the way of fifteen feet and ten inches. Under the appeal from the final decree dismissing the bill the only question before us is whether the maintenance of the bridge is in violation of the plaintiff's legal rights in the passageway.

The deeds under which the defendant claims convey lots bounding on the passageway; and, as these lots are opposite one another for a space of more than thirty-four feet, presumably it owns the fee in the way where the bridge is erected. There is nothing to indicate that when all the lots and the passageway laid out for their use were carved out of the estate of William C. Hunneman, as shown by the deeds and plan, it was intended to retain in the estate the naked title to the fee of the passageway. *McKenzie* v. *Gleason,* 184 Mass. 452, and cases cited. As owner of the land the defendant has a right to use it in any manner which is not inconsistent with the easement of a right of way in the plaintiff. *Atkins* v. *Bordman,* 2 Met. 457. *Burnham* v. *Nevins,* 144 Mass. 88. As was said in *Crocker* v. *Cotting,* 181 Mass. 146, 151, "Speaking generally, if a right of way is created, and nothing

---

* The judge found that the defendants were the lessees of a building, the rear of which was directly opposite the building upon the premises owned by them.

more appears from the deed or the attendant circumstances, the owner of the servient tenement may build over the way, or do anything else so long as he does not interfere with or obstruct the right of passage over the soil. "

The extent of the plaintiff's easement must be determined by the construction of the deed by which it was created and under which she claims title. The only right in the passageway granted expressly in the deed is that of using it with other persons entitled to use the same for a common passageway. The grant contains no provision that the way should be kept open to the sky for light, air, prospect or for any other purposes of convenience. Whether such additional easement arises by implication as appurtenant to the plaintiff's lot depends upon the circumstances surrounding the estate and the parties at the time of the grant, as indicating the intention of the parties in creating the way; and the burden of proof is on the plaintiff. *Lipsky* v. *Heller*, 199 Mass. 310.

The trial judge found as a fact that: "There is nothing in the deed to indicate it was the intention of the owners that the way should be an open way, nor was the evidence of the circumstances surrounding the estate and the parties such that it could fairly be inferred that the intention of the parties was other than what was stated in the deed." Without reciting the evidence in detail, we are of opinion that the conclusion was fully warranted. The way was laid out for the purpose of selling those lots in order to settle the estate of Hunneman. It was a "blind" passageway, that is, closed at one end. It was not in a thickly settled district; the buildings on it when this controversy arose were two or three small wooden houses that were unfit for use and later were taken down; and apparently, when the way was created in 1856, the plaintiff's lot was vacant. So far as appears the passageway was used only by those who collected ashes and garbage, and by the defendant, whose furniture wagons were backed in there. Further, at its closed end, opposite the plaintiff's lot, the way was encroached upon for a width varying from one and a half to more than four feet, by an old blacksmith shop on the plaintiff's land; and for many years there has been no opening between her premises and the way. From these and the other circumstances existing at the time when the way was created, we cannot say that there exists by implication in favor of the plaintiff any easement in addition to that of

passage which is expressly granted in the deed. Nor can we say on the evidence that the judge was wrong in his finding that "the height of the lower part of the proposed bridge from the surface of the passageway was such that it would not interfere with the reasonable use of the passageway as such."

*Decree affirmed.*