228

EUGENE HACKENDORN, JR., and REEFA L. HACKENDORN, his wife,

*vs.*

PAUL C. MAHAN and MARY S. MAHAN, his wife.

*New Castle, Oct. 19, 1939.*

230

*J. Rankin Davis*, for complainants.

*Abraham Hoffman*, for defendants.

THE CHANCELLOR: This is a bill to restrain the continued obstruction of a lane leading in a Southerly direction from the eastern boundary of the complainants' property in Brandywine Hundred, New Castle County, to the Darley Road in the same Hundred and County, and over which lane they claim a right-of-way.

The defendants, the owners of adjoining property, have taken possession of a portion of the lane in question, and have obstructed the northern end of it by shrubbery and a wire fence, preventing access to the complainants' property, though the evidence clearly shows that the de-

fendants merely have a right-of-way over that lane, and do not have title to any portion of its bed. This is clearly apparent from the will of Mrs. Darley, who was the original owner of the lands now owned by both the complainants and the defendants, and whose devisee was the defendants' predecessor in title.

In her will, Mrs. Darley described the defendants' lot as being bounded "on the Southeast by a lane or roadway leading into Darley Road." In connection with the devise of that lot, she also gave "the right, use and privilege of said twelve foot wide driveway; to have and to hold to him (the devisee), his heirs and assigns." The acts of the defendants in blocking the lane in question were, therefore, clearly illegal.

The main question to be determined, however, is whether the complainants have produced, at least, prima facie evidence, justifying the conclusion that they have a right-of-way over that lane from their property to the Darley Road, and, therefore, whether any of their rights have been violated by the acts of the defendants.

Mrs. Darley devised the Tage property, now owned by the complainants, to George Lodge, Esquire, in trust, for the benefit of certain persons during their lives, with the direction that it be sold at their deaths, either at public or private sale, and the proceeds paid to certain designated persons. Prior to her death, she, also, had sold and conveyed to a person, not a party to this suit, a lot, likewise belonging to the original tract of land owned by her, and facing on the Wilmington and Philadelphia Turnpike, together with a right-of-way over the lane in question "in common with others thereto forever." Subject to these rights-of-way granted by Mrs. Darley, which were, in no sense, exclusive, either in express terms or by implication from any of the attending facts and circumstances, and only subject thereto, the bed of the lane in question passed under her will.

As was aptly said in *Reiver, et al., v. Voshell, et al.,* 18 *Del. Ch.* 260, 262, 158 *A.* 366, 368,

"* * * 'nothing passes as an incident to the grant of an easement but what is requisite of its fair enjoyment. Notwithstanding such a grant, there remains with the grantor the right of full dominion and use of the land, except so far as a limitation thereof is essential to the reasonable enjoyment of the easement granted. * * * Since a private right of way carries with it by implication only such incidents as are necessary to its reasonable enjoyment, the grant of such a right, which is not exclusive in its terms, and which can be reasonably enjoyed without being exclusive, leaves in the grantor the right of user in common with the grantee.' This language is found in 9 *R. C. L. p.* 797. It is expressive of the general rule. The absence of the element of exclusiveness, it is to be noted, is essential for the continuance of the grantor's dominion as owner of the fee."

The lane was not otherwise "specifically and particularly given and devised" in Mrs. Darley's will, and, under its provisions was, therefore, subject to the general power of sale therein given her executor. No right-of-way over that lane was given in Mrs. Darley's will for the benefit of the property now owned by the complainants, and which she devised to Mr. Lodge, in trust. Nor do the facts justify the conclusion that any such rights were acquired by prescription.

At the death of the equitable owners of this property, it was sold by Mr. Lodge, as trustee, pursuant to the direction of Mrs. Darley's will. Mr. Lodge, as executor of her estate, also, joined in the deed for that property, and, after certain recitals to the effect that the lane in question had originally been laid out, as an outlet to the Darley Road for the use of certain abutting property, including the lands conveyed, that deed purported to grant "the right, use and privilege over and upon the said 12 foot lane or roadway with others entitled thereto forever" from that land to the Darley Road.

The defendants contend that Mr. Lodge, as executor, had no authority to sell a mere easement over that lane, even though the testatrix, herself, or her devisees, could

have done so. They concede that an executor, acting under a general power to sell and convey real estate, is authorized to grant an easement under some circumstances (*Guss v. Windle, et al.,* 15 *Pa. Dist.* 324; *Earle v. Mayor, etc., of New Brunswick,* 38 *N. J. L.* 47; *Simmons v. Crisfield,* 197 *N. Y.* 365, 90 *N. E.* 956, 26 *L. R. A.* (*N. S.*) 663; 49 *C. J.* 1270) ; but contend that a grant of an easement, under such a power of sale, can be made only in connection with the conveyance of other property, which he is empowered to sell, and that this case does not come within that rule. Here, the excutor's power to sell and convey real estate, not specifically devised, is in terms broad and unqualified.

It is true that a mere easement, and not the property itself, was granted by Mr. Lodge, as executor, but, in determining the intent of the testatrix and the scope of the power given, if, in any sense, uncertain from the language of the will, the surrounding facts and circumstances, including the nature and character of the property directed to be sold, must be considered. See *Maloney v. Johnson, ante* p. 77, 5 *A.* 2d 660.

When so considered, it is apparent that the lane in question, and over which Mr. Lodge granted a right-of-way, and, therefore, a mere easement, was, also, subject to other rights-of-way which were not exclusive, and that, by reason of that fact, it could not be used for any practical purpose, other than a lane.

In *Reiver, et al., v. Voshell, supra,* which was relied on by the defendants, it was held that the attempted grant by the owner of the fee of an easement over an alley to a land owner, whose title was derived from a stranger, was invalid. But this case involves a very different state of facts. Here, the attempted grant is not only for the benefit of land, for which the lane was originally, in part, laid out and used, and all of which land belonged to Mrs. Darley and composed a part of her estate at the time of her death, but its bed was, also, subject to other rights-of-way, either

granted or devised by Mrs. Darley. The other cases relied on by the defendants (*Jarman v. Freeman*, 78 *N. J. Eq.* 464, 79 *A.* 1065; *Id.* 80 *N. J. Eq.* 81, 83 *A.* 372; *Kirkman v. Sharp*, 1 *Whart.* (*Pa.*) 323, 29 *Am. Dec.* 57; *Smith v. Rowland*, 243 *Pa.* 306, 90 *A.* 183) were discussed fully in the *Reiver* case, and from that discussion it appears that none of them are in point.

Perhaps, I might, also, point out that *Imbriaco v. Engel*, 112 *N. J. Eq.* 253, 163 *A.* 657, is inconsistent with the defendants' position, and a later case than the other New Jersey case relied on by them.

It is true that it does not appear from the deed of Mr. Lodge, as trustee and executor, to the complainants' predecessors in title, what, if any, part of the purchase price was allocated to the conveyance of the right-of-way. It is, also, true that the persons who ultimately benefited by the sale of the Tage property, now owned by the complainants, were not the same persons who were entitled to the proceeds from the sale of that part of Mrs. Darley's real estate, which was not specifically devised. But, in any aspect of the case, the validity of that conveyance by Mr. Lodge, as executor, cannot be questioned by the defendants.

The defendants object to the granting of any relief by this court because they say the complainants have an adequate remedy at law. The facts here unequivocally show that the obstruction of the lane is of a permanent nature, and effectively prevents the enjoyment by the complainants of their right-of-way. Under such circumstances, a court of equity will grant relief by injunction. *Bubenzer v. Phila. B. & W. R. Co.*, (*Del. Ch.*) 57 *A.* 242; *Metts v. O'Connell*, 13 *Del. Ch.* 420, 126 *A.* 276.

A decree will be entered in accordance with this opinion.