(19 Misc. Rep. 701.)

WALKER et al. v. McNULTY.

.(Supreme Court, Special Term, New York County. January, 1897.)

1. COVENANTS—ENFORCEMENT—RESTRICTING USE OF LAND.
     A grantor may enforce a restrictive covenant in his deed without showing that the restriction was intended for the benefit of premises not conveyed, where the covenant is stated to be between the grantee and the grantor for themselves and their heirs and assigns, and that it shall be considered as running with the land.
2. SAME—PROOF OF DAMAGES.
     A restrictive covenant in a deed may be enforced without showing that actual damage will result from its breach.

Action by Alexander Walker and others against Henry T. McNulty to enforce a covenant in a deed restricting the use of premises. Judgment for plaintiffs.

Frayer & Seaman, for plaintiffs.
George A. Lavelle and John J. Delaney, for defendant.

PRYOR, J. In resistance to the enforcement of a restrictive covenant in a conveyance, the defendant objects that there is a defect of proof that the restriction was intended for the benefit of plaintiffs' premises. Were such evidence requisite to the support of the action, I should deem it sufficiently furnished in the situation of the land retained in reference to the land conveyed, in the restrictions contained in other conveyances, and generally in the attending circumstances of the transaction. Ladd v. City of Boston (Mass.) note, 21 Am. St. Rep. 489–491, 499 (s. c. 24 N. E. 858); Peck v. Conway, 119 Mass. 546. But the proof demanded was not necessary. Where the action proceeds upon a right attaching as an easement to the plaintiff's property, and as a servitude upon defendant's property, proof of such easement and servitude is indispensable. In such case an intention to create an

easement for the benefit of the one property, and to impose a servitude as a burden upon the other property, must appear by satisfactory evidence. Such were the cases cited upon the briefs, but such is not the present action. Plaintiffs found their action, not, as in the common case, upon an equity in defendant's premises, but upon a breach of a covenant made with themselves, and binding upon defendant. In the deed from the plaintiffs to Grennell of the premises now owned by the defendant, the grantee covenanted as follows:

"And the said party of the second part, for himself, his heirs and assigns, does hereby covenant and agree with the said parties of the first part, their heirs, executors, administrators, and assigns, that neither the said party of the second part, his heirs or assigns, shall or will at any time before the twelfth day of April, 1912, erect or permit on any part of the premises above described any buildings of any kind whatsoever, except private dwellings for the use of one family only. This covenant shall bind the legal representatives of the respective parties, and be taken and construed as running with the land until April 12th, 1912."

In the deed from Grennell to defendant it is expressly stated that the conveyance is "subject to the covenants and restrictions" contained in plaintiffs' deed to Grennell. Thus, plaintiffs sue, as grantors, for a breach by the grantee's assignee of a covenant restricting the use of the premises conveyed, and expressly stipulated to "be taken and construed as running with the land." The benefit of the covenant inures to the grantor, and the burden of it rests on the estate to which it was annexed, and on those who hold it, or any part of it, subject to the covenant. Bigelow, C. J., in Jewell v. Lee, 14 Allen, 145. Obviously the conveyance of the property by the plaintiffs was a sufficient consideration for the covenant by defendant's assignor.

Actual damage to the plaintiffs need not be shown. "Such an act of the defendants would be against the restriction by which they are bound, and a violation of the rights of the plaintiff, of which she cannot be deprived because, in the judgment of others, it is of little or no damage." Peck v. Conway, 119 Mass. 546. "There is no doubt that, as between the covenantor and the covenantee, the latter may have an injunction to restrain a breach of the covenant without showing actual damage." 21 Am. St. Rep. 486, 24 N. E. 858. The question involved is one of right under the covenant. Gawtry v. Leland, 40 N. J. Eq. 324. That the thing done and intended by the defendant is a breach of the covenant, I take to be an indisputable, and virtually an undisputed, proposition. The position that, if the house be originally built as a private dwelling for the use of only one family, it may, consistently with an honest observance of the covenant, be afterwards altered for use and occupancy by two families, is not to be maintained in a court of equity. Plaintiffs' right to enjoin the violation of the covenant by defendant is clear beyond question. Dock Co. v. Leavitt, 54 N. Y. 35. The authority relied on by the defendant (Society v. Brennan, 148 N. Y. 661, 43 N. E. 173) is of no relevancy to the case in controversy.

Judgment for plaintiffs, with costs.