JAMES S. SIMMONS, Respondent, *v.* FRANCIS I. CRISFIELD, Appellant.

**Real property — testamentary power of sale — when executor, clothed with naked power of sale, may create, by covenant, an easement for benefit of land conveyed, upon adjoining land to be sold subsequently.**

An easement may be created by covenant as well as by express grant.

An executor authorized, although by a naked power of sale, to sell and convey land has the power to convey, as appurtenant to part of the land, when sold, an easement of light, air and prospect over the remainder of

the land, where the easement is such as might naturally be presumed to have been requisite or beneficial for an advantageous sale.

A testatrix, who died seized of two lots of land in a city, authorized her executor to sell and convey her real estate. He sold and conveyed one of these lots by a deed containing a covenant on the part of the grantee and his heirs and assigns that any building erected on the lot should stand back a certain distance from the line of the street. The deed also contained a similar covenant on the part of the grantor that any building erected on the adjoining lot should stand back the same distance from the street. Subsequently the executor sold the adjoining lot by a deed containing no covenants. Thereafter the purchaser of that lot sought to erect a building on the line of the street. The owner of the lot first sold brought an action to restrain such erection. *Held*, that the covenant on the part of the executor restricting the use of the lot last sold was valid, and that the plaintiff may maintain an action for an injunction restraining the erection of the building on the street line of such lot. *Simmons* v. *Crisfield*, 123 App. Div. 201, affirmed.

(Argued January 3, 1910; decided January 25, 1910.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 8, 1908, which reversed an interlocutory judgment of Special Term sustaining a demurrer to the complaint and overruled such demurrer.

The following question was certified : "Does the complaint of the plaintiff herein state facts sufficient to constitute a cause of action ?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*De Witt V. D. Reiley* for appellant. The executor had no power to incumber the estate by restrictive agreement. (*Craig* v. *Wells*, 11 N. Y. 315; *Trustees* v. *Thacher*, 87 N. Y. 311; Gerard on Titles, ch. 20, tit. 6; *Jackson* v. *Vanderheyden*, 17 Johns. 167; *Martin* v. *Dwelly*, 6 Wend. 9; *Hetzel* v. *Barber*, 69 N. Y. 1; *Ramsay* v. *Wandell*, 32 Hun, 482; *Austin* v. *Munro*, 47 N. Y. 360; *O'Brien* v. *Jackson*, 167 N. Y. 31; *Ferrin* v. *Myrick*, 45 N. Y. 360.) Rights of way are not analogous to building restrictions. (*Nellis* v. *Munson*, 108 N. Y. 453; *Craig* v. *Wells*, 11 N. Y. 315; *Smyles* v. *Hastings*, 22 N. Y. 219; *Doyle* v. *Lord*, 64 N. Y.

432; *Clerk* v. *Parker*, 103 Mass. 554; Jones on Easements, § 310; *White* v. *Story*, 2 Hill, 548; 2 Scribner on Dower, 546; *Lewis* v. *Ely*, 100 App. Div. 252.)

*William O. Campbell* for respondent. The imposition of an easement on the lot in question by the executor of the original owner was lawful. (*Matter of Sixty-seventh Street*, 60 How. Pr. 265; *Earle* v. *Mayor, etc.*, 38 N. J. L. 47; *Rosenkranz* v. *Snorer*, 19 N. J. Eq. 420; *Valentine* v. *Schreiber*, 3 App. Div. 235.)

CULLEN, Ch. J. In 1897 Julia Hurd died seized of two lots of land in the city of Rochester, and by her will she authorized her executor to sell and convey her real estate. Her executor sold and conveyed one of these lots to the plaintiff by a deed which contained a covenant on the part of the grantee, his heirs and assigns, that the front wall of any building erected on the premises conveyed should stand back at least twenty feet from the line of the street on which the lot fronted, and also a similar covenant on the part of the grantor that the front wall of any building erected on the adjoining lot should also stand back that distance from the street. Subsequently the executor sold to the defendant the adjoining lot by a deed which contained no covenants. Thereafter the defendant sought to erect a building on the line of the street, and this action was brought to restrain such erection.

The question in the case is the validity of the covenant on the part of the executor restricting the use of the lot last sold. The executor had merely a naked power of sale, and it is contended by the appellant that he had no power to create any obligation binding upon the estate which he represented. It is undoubtedly true that an executor or administrator cannot, by executory contract, impose a new liability on the estate which he represents. (*Ferrin* v. *Myrick*, 41 N. Y. 315; *Austin* v. *Munro*, 47 id. 360; *O'Brien* v. *Jackson*, 167 id. 31.) Therefore no action for damages could be maintained against the estate for a violation of this covenant. The covenant, however, was something more than a mere executory

contract. If valid, it operated as a conveyance of an ease-
ment, for an easement may be created by covenant as well as
by express grant. (Washburn on Easements & Servitudes, *27
*Van Rensselaer* v. *Albany & W. S. R. R. Co.*, 62 N. Y. 65;
*Gibert* v. *Peteler*, 38 Barb. 488, 514.) While there is no deci-
sion of this court on the question, it has been held by the
Supreme Court and in other jurisdictions that executors with
a naked power of sale, or commissioners of partition, may, in
the sale of lands, create easements of way. (*Valentine* v.
*Schreiber*, 3 App. Div. 235; *Matter of Opening of Sixty-
seventh St.*, 60 How. Pr. 264, 272; *Earle* v. *Mayor*, 38 N. J.
L. 47.) It is the common practice on partition sales or sales by
executors of large tracts of land in the outskirts of a city
where streets, although laid out on a map, have not been
formally opened or any rights acquired therein by the public,
to sell lots bounded by such streets, thus granting an ease-
ment of way over the streets to the purchasers of the lots.
In no other way could advantageous sales be made. Indeed
the right of an executor to grant such easements is not seri-
ously controverted by the learned counsel for the appellant.
As said by Judge DANIELS in *Matter of Opening of Sixty-
seventh St. (supra)*, they are incidental to the power con-
ferred on the executor to sell the land. The power to grant
an easement in connection with the sale of part of the land
is not to be confined to easements of way. If the property
consisted of a row of buildings, the side walls of which
were party walls, it would be impracticable to sell a single
lot with the building thereon for any reasonable price, unless
on the sale was conveyed the easement of support of such
parts of the party walls as stood on the other lots. That would
be true also in a case where several houses had but a single
means of drainage. Examples might be multiplied. We
think in all these cases the question is whether under the cir-
cumstances, the easement is such as might naturally be pre-
sumed to have been requisite or beneficial for an advantageous
sale. The easement granted in this case, while it cannot be
said to be common, is by no means exceptional in the case of

urban property, especially in the residential portions. Many large tracts in the city of New York are subject to restrictions of a character similar to that found in this case. So the restriction cannot, on its face, be said to be unreasonable. In *Rosenkrans* v. *Snover* (19 N. J. Eq. 420) an easement, similar in character to that found in this case, though entirely different in its details — to wit, an easement of light, air and prospect, conveyed by commissioners on a partition sale — was upheld. The chancellor said : " There can be no doubt but that commissioners like these have the power, if it will, in their judgment, be a benefit to the sale of property, to annex to one part an easement in another part of the property to be sold, and to sell and convey such other part subject to the servitude of such easement." We think, therefore, it was presumptively within the power of the executor to convey, as appurtenant to the lot first sold, an easement of light, air and prospect over the remaining lot.

The order appealed from should be affirmed, with costs, and the question certified answered in the affirmative.

EDWARD T. BARTLETT, VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Order affirmed.