(161 App. Div. 803)

### SMITH et al. v. GRAHAM.

(Supreme Court, Appellate Division, Fourth Department.  March 11, 1914.)

1. COVENANTS (§ 79*)—RESTRICTIVE COVENANTS—RIGHT TO ENFORCE.
    Where part of a large tract of land which was intended to be subdivided for residential purposes was sold subject to restrictions, one of which forbade the building of any structure on a strip adjoining land retained by the owner, such restriction may be enforced by the owner's successor in interest as an easement appurtenant to the premises benefited.
    [Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 78–82; Dec. Dig. § 79.*]

2. INJUNCTION (§ 114*)—RESTRICTIONS—ACTIONS TO ENFORCE—PARTIES.
    In an action to enforce covenants restricting the use of land, where one of the parties was entitled to enforce the covenants, it is immaterial that others who joined as parties plaintiff were not so entitled, and de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant, who made no motion on trial to dismiss as to any particular plaintiff, cannot complain of the misjoinder.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 202–220; Dec. Dig. § 114.*]

3. INJUNCTION (§ 62*)—RESTRICTIONS—ENFORCEMENT.

An owner of land may impose any restrictions not prohibited by public policy upon the part granted, for the benefit of the remainder, and it is no defense to an action to enforce such covenants that similar ones were not imposed upon the sale of other parcels.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 124–127, 129; Dec. Dig. § 62.*]

4. COVENANTS (§ 103*)—RESTRICTIONS—CONSTRUCTION.

Where land was sold subject to covenants prohibiting the carrying on of mercantile or manufacturing business thereon, and the erection of buildings other than dwelling houses, a further provision in the conveyance that the grantee might receive and care for medical and surgical patients and perform medical and surgical operations on the premises does not entitle him to erect a hospital thereon, though he had long carried on the business of physician and surgeon and had designated his dwelling as a sanitarium, for a hospital is wholly distinct from a dwelling.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 169; Dec. Dig. § 103.*]

5. NOTICE (§ 5*)—CONSTRUCTIVE NOTICE—RECORDS.

A landowner has constructive notice of all restrictive covenants contained in the instruments in his chain of title.

[Ed. Note.—For other cases, see Notice, Cent. Dig. §§ 3, 8–12; Dec. Dig. § 5.*]

6. INJUNCTION (§ 62*)—ISSUANCE.

An injunction will be issued to compel removal of a building erected in violation of a restrictive covenant, where the owner not only had constructive notice of the restriction, but was given oral and written notice that he was not entitled to erect such structure.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 124–127, 129; Dec. Dig. § 62.*]

Kruse, P. J., and Foote, J., dissenting.

Appeal from Special Term, Monroe County.

Action by George Herbert Smith and others against Corden T. Graham. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

J. Stuart Page, of Rochester (Chamberlain & Page, of Rochester), for appellant.

William De Graff, of Rochester, for respondents.

ROBSON, J. The judgment appealed from directs that the defendant be enjoined and restrained from continuing, maintaining, and using an addition to a building erected by him upon his premises, and further directs that he remove said addition therefrom and that plaintiffs recover their costs of the action.

The premises of defendant, upon which the structure complained of was built by him, are situated at the corner of South avenue and Alpine street in the city of Rochester, having a frontage to the west on South avenue of 60 feet and to the south on Alpine street of about

183 feet. Defendant's father, Merritt E. Graham, who was, as defendant now is, a physician, bought in August, 1899, of Lewis E. Smith, the father of the plaintiff, George Herbert Smith, who then owned a considerable tract of land having an aggregate frontage on South avenue of 699 feet and on Alpine street of 474 feet, a parcel of land on the corner of Alpine street and South avenue, which parcel is a part of the premises in question. In 1905 Merritt E. Graham bought of Lewis E. Smith another parcel of land having a frontage on Alpine street of 12.3 feet and adjoining on the east thereof the parcel of land conveyed by Smith to Graham in 1899 above referred to. The premises in question are the parcel of land firstly above referred to, together with that part of the 12.3-foot strip which adjoins the first parcel on the east thereof.

[1] This action is brought to restrain an alleged violation of certain restrictive building covenants contained in these deeds. These covenants appearing in the deed firstly above referred to are, so far as material to the present inquiry, as follows:

"That no alcoholic or malt liquors shall be sold on the premises. That no mercantile or manufacturing business shall be carried on upon said premises within thirty-five years from the date hereof. That no building other than a dwelling and the usual outbuildings thereto pertaining shall be erected upon said premises within fifty years from the date hereof. * * * The covenants, exceptions, restrictions and reservations herein contained are to run with the land and shall be for the benefit of all persons owning lands upon Alpine street or South avenue as well as for the benefit of the parties hereto and shall bind the heirs, executors, administrators and assigns of the parties hereto. Nothing herein contained shall be construed as in any wise restricting the right of the party of the second part to receive and care for medical and surgical patients and perform surgical operations on the premises above described."

The grantee in this deed built a frame structure upon the lot having three stories and a mansard, i. e., a building, in effect, four stories in height. This structure was occupied by himself and family as their dwelling, and he also there received and treated medical and surgical patients up to the time of his death, which occurred August 3, 1905. The covenant appearing in the second deed is as follows:

"That no structure whatever shall ever be erected upon the premises hereby conveyed," and it is further therein provided that "said party of the first part (Lewis E. Smith) his heirs, or assigns, may at any time compel the removal of any structure erected or maintained upon said premises."

Lewis E. Smith, the grantor in these deeds, also died in 1905 leaving a last will and testament by which he devised all of the original tract then remaining unsold to his son, George Herbert Smith, one of the plaintiffs. On August 25, 1912, the defendant, being then the owner of the premises in question, began the erection of the structure here in question. Prior to beginning this construction he had made written application to the proper city authorities for leave to construct a proposed building, describing it therein as 36 feet wide and 49 feet long, and stating that it was intended "to be used and occupied as hospital." The purpose and character of the building is thus fixed by defendant's own statement, whether it be regarded as a separate structure, or an addition to a dwelling. The building as erected consisted of a base-

ment containing a kitchen, room for storage of coal, and other conveniences. Above were three stories, each of which had eight bedrooms and a bathroom therein. As constructed it extended a little more than two feet over the west line of the 12-foot strip upon which the covenant as above set forth provided that no building whatever should be erected. It is apparent that Lewis E. Smith, the original owner of the tract, purposed at the time the deeds above referred to were made intended to subdivide the tract into parcels to be built on and used as a residential section only. After the deeds to defendant's father, a subdivision was in fact made by Lewis E. Smith, the grantor, and a map filed. A further subdivision was made by the plaintiff George Herbert Smith, after he succeeded to his father's title, and a map thereof filed. He now owns a considerable number of these subdivision lots including the lot on Alpine street immediately adjoining on the east the 12-foot strip above referred to.

[2] There can be no question that he is in a position to insist that no building shall be erected on this parcel. The covenant is in the nature of an easement appurtenant to the premises benefited thereby and may be insisted upon by the owner of such premises. Simmons v. Crisfield, 197 N. Y. 365, 90 N. E. 956, 26 L. R. A. (N. S.) 663. The same principle applies, as to him at least, if there be any violation of the covenant in the deed of the first parcel. If he has a right of action to restrain the violation of these covenants, then it is immaterial whether the other plaintiffs are also in like case. This appears to have been the answer to a suggestion in Manners v. Johnson, 1 Ch. Div. 673, 681, that some of the plaintiffs were not interested in the subject of a similar proceeding for injunction to compel the removal of parts of a structure alleged to be within the prohibition of a restrictive covenant. Hall, V. C., said:

"It is not very material whether they (some of the plaintiffs) have (any interest in enforcing the covenant) or not, for, if one has an interest, that is sufficient to maintain the suit."

Besides, no suggestion was made on the trial of this action that any designated plaintiff was not interested in enforcing the covenants; and no motion to dismiss as to any particular plaintiff was made. It is therefore material to inquire only whether as to the plaintiff Smith the defendant has violated the restrictive covenant in the first deed. It would seem that a fair and reasonable construction of these covenants so far as material to our present inquiry would be that not until the lapse of 50 years from the date of the deed shall any building other than a dwelling and usual outbuildings be erected thereon. There is, however, a limitation, in words at least, of the operation of the restrictive covenants by the further provision that nothing contained in the deed shall be construed as in any wise restricting the right of the party of the second part to receive and care for medical and surgical patients and perform surgical operations on the premises conveyed.

[3] It is urged by respondent's counsel that this enlargement of the rights of the grantee from the operation of the covenants was personal to the grantee only and did not pass to his successors in title. It is not necessary to decide whether this right, so far as it is reserved

to the grantee by this specific provision of the deed, was personal to the grantee only, or would pass to the successors in title as appurtenant thereto, for the reason that, if the original grantee while still the owner of the lot had done exactly what defendant has done and proposes to do, it would have been a violation of the terms of the covenant, which could have been properly restrained at the suit of plaintiffs like the present action. That Smith, the grantor of the premises, had the right to impose upon their use the restrictions contained in the deed cannot be seriously questioned; for, as was said in Rowland v. Miller, 139 N. Y. 93, 102, 34 N. E. 765, 767 (22 L. R. A. 182):

"A person owning a body of land and selling a portion thereof may, for the benefit of his remaining land, impose any restrictions, not against public policy, upon the land granted he sees fit, and a court of equity will generally enforce them."

Such an agreed restriction need not be in furtherance of a general plan or scheme adopted or intended by the owner, but may be imposed by the grantor and exacted from the grantee, for the benefit either actually or presumptively and for the protection of lands retained by the grantor within the sphere of the advantage of such benefits. And such grantor or his transferees of the property benefited may enforce the restriction against either or all of the grantees of the property so burdened. Korn v. Campbell, 192 N. Y. 490, 495, 85 N. E. 687, 37 L. R. A. (N. S.) 1, 127 Am. St. Rep. 925.

It is doubtless true that when the enforcement of the restriction would, by reason of change in conditions and of the use to which the property supposedly benefited has subsequently been put, be inequitable, a court of equity may properly deny its aid. But the fact that similar restrictions have not been imposed by the grantor on parcels of the benefited premises subsequently sold by him does not in and of itself relieve the restricted property from the burden imposed. Such a covenant imposing the restrictions is not even presumptively one required in furtherance of a general plan or scheme as to the use to which the whole parcel is to be devoted; but is for the benefit as a quasi easement on the restricted property which the original owner retaining the property benefited thereby, or his grantees, can enforce, though the latter property may not have been so restricted. In such case, as is pointed out in Walker v. McNulty, 19 Misc. Rep. 701, 702, 45 N. Y. Supp. 42:

"Plaintiffs found their action not, as is the common case, upon the equity in defendant's premises, but upon a breach of covenant made with themselves and binding upon the defendant."

The fact that it is a right of that nature, as differentiated from an assertion of one arising from the adoption of a general plan or scheme of development of a parcel of land for residential purposes only, distinguishes the present case from that recently decided by this court to which appellant calls attention. See Davidson v. Dunham, 159 App. Div. 207, 44 N. Y. Supp. 489.

[4] The limitation of the operation of restrictive covenants contained in this deed, to the effect that the right of the grantee to receive and care for medical and surgical patients and perform medical and

surgical operations on the premises should not be restricted by such covenants, did not enlarge the rigts of the grantee beyond what they would have been had this saving clause not been inserted. Only a dwelling with necessary outbuildings could be erected on these premises as the deed provides. But it would seem to be true that a dwelling, so long as it is used as such, may be also used as a place for carrying on some kinds of business, provided such business is of such character as to be no inconvenience to neighboring property holders. As is suggested in Dorr et al. v. Harrahan, 101 Mass. 531, 3 Am. Rep. 398, such a house "might be occupied by a physician, or a lawyer, perhaps by a chemist or photographer, and a portion of it set apart as an office or place of business without any offense or objection. All this would be allowable under the deed." So, perhaps, it may be true, though it is unnecessary in this action to determine the question, that defendant's father was within his rights in erecting the original building and using it for the reception and care of medical and surgical patients in connection with his occupancy of it as a dwelling; and that, too, though he appears to have maintained thereon a sign indicating that it was a sanitarium. Carr et al. v. Riley et al., 198 Mass. 70, 84 N. E. 426. But a hospital is still distinct and different from a dwelling. It is not understood to be a dwelling in the usual acceptation of the meaning of that term. Barnett v. Vaughan Institute (affirmed on opinion of Thomas, J., delivered at Special Term, 134 App. Div. 921, 119 N. Y. Supp. 45, and again affirmed 197 N. Y. 541, 91 N. E. 1109). Whatever the original building on the lot may be considered to be, certainly there is no question as to what the new erection complained of was intended to be and is. Defendant states in his application what it is intended to be. As erected it shows what it is. By no flight of imagination could it be regarded as a dwelling. It is, as it was dubbed by its builder, a hospital and nothing else. As such it offends against the covenant that only dwellings should be erected on the premises.

[5, 6] Nor should defendant escape the penalty of his violation of the restrictions. He had constructive notice of them, which would have been sufficient to charge him with knowledge of their terms, for they appear in the deeds through which he claims title. Holt v. Fleischmann, 75 App. Div. 593, 599, 78 N. Y. Supp. 647; Simmons v. Cresfield, 123 App. Div. 201, 108 N. Y. Supp. 234; Atlantic Dock Co. v. Leavitt, 54 N. Y. 35, 13 Am. Rep. 556. Actual notice both orally and in writing was also given him that he had no right to erect this building at the early stages of its construction. Within a few days thereafter this action was begun. In such a case, especially, there should be no weighing of damages, which might accrue to the respective parties by withholding or granting an injunction in determining whether it should issue or not. Whalen v. Union Bag & Paper Co., 208 N. Y. 1, 101 N. E. 895.

There is no suggestion on the part of defendant of a desire to utilize the structure in a way not forbidden by the restrictions. Therefore we need not consider whether a modification of the order so as to permit such use might be accorded, as it is not asked. Defendant insists

on his right to use the building for the sole purpose for which it was constructed. He has no such right; therefore he should remove it.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur, except KRUSE, P. J., and FOOTE, J., who dissent and vote for modification of the judgment by requiring the building to be removed to the extent that it encroaches upon the 12-foot strip and limiting the use of the remainder in accordance with the restrictive covenants contained in the deed.