DAVID PERLMAN, Plaintiff, *v.* WILLIAM STELLWAGEN, Defendant.

(Supreme Court, Bronx Special Term for Trials, March, 1921.)

Encroachments — action to remove — when title to real property is unmarketable.

> The title to real property is unmarketable so long as the front wall of a building erected thereon encroaches two inches upon a city street.

ACTION to remove an encroachment.

Donnelly & Kadel (James F. Donnelly and Lewis Landes, of counsel), for plaintiff.

Samuel B. Pollak, for defendant.

MULLAN, J. I find that the front wall of the building encroaches two inches upon the street, the position fixed by the surveyors called by the plaintiff; that whatever excuse a surveyor may have had for locating the line at another point the mathematical fact is controlling, and that no principle of estoppel, whether by reason of incorrect surveying for the city in street-opening proceedings or otherwise, is applicable. Furthermore, I am of the opinion that even if any of the locations so very ably contended for by defendant's counsel in his excellent argument upon that head were to be adopted the decision of this controversy would necessarily be the same as if the plaintiff's line be taken. I think it should go without saying that the doctrine *de minimis,* as relating to a comparatively trifling cost to remove an encroachment, can have no possible application to the removal of the brick fac-

ing of the front of a substantial building. I come, then, to the more serious question whether the encroachment renders the defendant's title unmarketable. The rule formerly was that certain encroachments upon the city's streets could be disregarded upon the theory that there was no likelihood that the city authorities would disturb the encroaching owner in his possession. *Empire Realty Corp.* v. *Sayre,* 107 App. Div. 415; *Broadbelt* v. *Loew,* 15 id. 343; affd. on opinion below, 162 N. Y. 642. The doctrine of those and similar decisions, was, however, squarely and definitely overruled in *Ackerman* v. *True,* 175 N. Y. 353; *City of New York* v. *Rice,* 198 id. 124, and lastly and quite decisively, in *Acme Realty Co.* v. *Schinasi,* 215 id. 495, or perhaps it would be more correct to say that in the later cases the former rule was departed from because of the changed attitude of the city authorities toward street encroachments. The *Acme Realty Co.* decision was in a specific performance case, as this is, and it was there said that " it cannot be said that a vendor has a marketable title if his building encroaches upon the public street to such an extent as to threaten a vendee with a substantial loss in the fee and rental value of the premises and a burdensome expense in altering the building to meet the requirements of the law." The particular form of that expression of Werner, J., was doubtless due to the fact that the encroachments in that case consisted merely of architectural features, such as oriel windows, stoops and similar conveniences and embellishments. *A fortiori* would the rule of that case apply to an encroaching front wall. It apparently has yet to be decided whether any encroachment of a front wall can be regarded as negligible, no matter how small it may be. It is not clear how or where a line, necessarily arbitrary, can be drawn. If the city offi-

cials having power in that regard should order the owners on a street to eliminate all encroachments and cut back to the street line, could the owner of a building projecting upon the street escape because his encroachment amounted only, say, to an inch? And if he were to be permitted to encroach to that extent, could an intending buyer from him feel safe from further molestation? Legislative acts, or city ordinances, might be passed for the purpose of permitting the continuance of encroachments, but at best they would be of doubtful constitutionality. See opinion of Clarke, J., in the *Acme* case at the Appellate Division, 154 App. Div. 397. Perhaps such a fractional variation as may occur between the results obtained by different and equally expert surveyors, as a tenth, or even an eighth of an inch, may properly come within the *de minimis* rule, but, in any event, I think that no such doctrine is properly applicable here. According to the plaintiff the front wall encroaches two inches. According to the defendant it encroaches from three-eighths of an inch to one-half of an inch. Reluctant as I am to fasten unmarketability upon the defendant's property, I see no means of escape from the conclusion that unless some arbitrary maximum of encroachment is to be judicially legislated into being sufficient to cover the encroachment existing here the title to the premises in question will be bad as long as the encroachment continues. The plaintiff may have judgment.

Judgment for plaintiff.