BESSIE ISRAELSKY, Plaintiff, *v.* MORRIS LEVINE, Defendant.

Supreme Court, Kings Special Term, April 21, 1925.

Vendor and purchaser — action by purchaser for damages for failure to tender marketable title — alleged defect is right of way easement reserved in prior deed — land contract provided that title was " subject to covenants and restrictions in former deeds "— said provision covered easement — complaint is insufficient.

A complaint in an action by a purchaser to recover damages for the failure of the · vendor to tender a marketable title is insufficient where it appears that the

alleged defect in the title is a right of way easement reserved in a prior deed, and that the land contract contained a provision that the title to the land was " subject to covenants and restrictions in former deeds, if any."

The provision in the land contract covered the right of way easement reserved in a prior deed and, therefore, the purchaser has no cause to complain.

MOTION by defendant to dismiss complaint upon the ground that it does not state a cause of action.

*Abraham Feit,* for the plaintiff.

*Goldstein & Goldstein* [*Aiken A. Pope* of counsel], for the defendant.

CARSWELL, J.:

Plaintiff seeks damages for defendant's alleged failure to tender a conveyance of a marketable title to a parcel of real property. The plaintiff agreed to purchase and the defendant to sell the parcel under a contract which contains a clause that it was sold " subject to covenants and restrictions in former deeds if any."

The complaint sets out that the title was unmarketable by reason of a right of way easement contained by reservation in a prior deed of record. Defendant asserts that the incumbrance of the easement in the prior deed was expressly provided for in the contract by reason of the language " Subject to covenants and restrictions in former deeds if any." This is the only provision that need be considered. If defendant's contention in this regard is not correct, the complaint is sufficient in law, otherwise it is not.

An easement may take the form of a grant, reservation or covenant. A covenant may operate as a grant. (19 C. J. 905, 910.) An easement may be created by covenant. (*Simmons* v. *Crisfield,* 197 N. Y. 365.) A covenant is an agreement between two or more persons to do or permit the doing of a particular act. The easement herein is a covenant running with the land. (15 C. J. 1209, 1252; *Spencer* v. *Lighthouse,* 114 App. Div. 591.) The easement in this case is in form a reservation, but in effect it is a covenant as in *Simmons* v. *Crisfield* (*supra*). A reservation is operative as an implied covenant. (*Case* v. *Haight,* 3 Wend. 632.) Such a reservation is a covenant of the grantor and the grantee because in old terminology " although in *shew,* they be the words of the lessor only, *yet he accepting thereof and enjoying it,* it is as well his covenant *in facto,* and shall bind him as strongly as if it had been a covenant by indenture." (*Hathaway* v. *Payne,* 34 N. Y. 92, 109.)

It follows, therefore, that the reservation in the deed complained of by the plaintiff is an easement in the form of a covenant, express (*Simmons* v. *Crisfield, supra*) or implied (*Case* v. *Haight, supra*),

and, therefore, provided for within the language in the contract "Subject to *covenants* * * * in former deeds if any."

Moreover, words of reservation are words of limitation and *restriction;* therefore, the reservation containing the easement is a restriction. The easement complained of by the plaintiff, being a restriction, it is within the contract language "subject to * * * *restrictions* in former deeds if any." (*Auburn & Syracuse E. R. R. Co.,* v. *Headley,* 119 Misc. 94, 98.) The reservation in the prior deed of the easement (complained of as a violation of the contract making the title unmarketable), being provided for in said contract under the word "covenants" and under the word "restrictions," the complaint does not state a cause of action. The motion to dismiss is granted.