BESSIE ISRAELSKY, Appellant, *v.* MORRIS LEVINE, Respondent.

Second Department, January 8, 1926.

Vendor and purchaser — action by purchaser to impress lien for down payment and expense of search — contract stated that property was sold subject to covenants and restrictions in former deeds — easement of right of way over property reserved in prior deed is not covenant or restriction within meaning of contract.

In an action by a purchaser to impress a lien on real property for the down payment made on the contract for the purchase of the same and the expense of a search, a complaint is sufficient which alleges that by the terms of the contract the property was sold subject to covenants and restrictions in former deeds, but that the title is unmarketable because of the existence of an easement of right of way reserved in a prior deed which was not mentioned in the contract, for the clause providing that the property is sold subject to covenants and restrictions in former deeds, does not cover a reservation in a former deed of a right of way; said reservation is neither a covenant nor a restriction within the meaning of those terms as used in the contract.

APPEAL by the plaintiff, Bessie Israelsky, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 23d day of

April, 1925, dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Abraham Feit,* for the appellant.

*Jonah J. Goldstein* [*Aiken A. Pope* with him on the brief], for the respondent.

YOUNG, J. The action is brought to impress a lien for the amount paid on account of a contract for the purchase of certain real property and for plaintiff's expense for examination of\ title. The complaint alleges the making of the contract, a copy of which is annexed and from which it appears that the property was sold " subject to covenants and restrictions in former deeds, if any." Plaintiff rejected the title as being unmarketable because of an easement affecting the rear twelve feet of the premises reserved in a former deed. This reservation is as follows:

" *Reserving,* however, unto the party of the first part, a right of way across the rear of said lot 12 feet wide for the use of the party of the second part, his heirs and assigns, it being the intention of the party of the first part in all subsequent conveyances of property made by him fronting on the southerly side of 44th Street, between 15th and 16th Avenues, to reserve a similar right of way over the rear of each lot sold by said party of the first part for the use of the purchasers of all of said lots. Said right of way to extend across the rear of each lot fronting on 44th Street as aforesaid to a width of twelve feet."

The learned Special Term (124· Misc. 827) held that plaintiff's complaint did not state a cause of action; that the clause in the contract " subject to covenants and restrictions in former deeds, if any," included the reservation of the easement in question; that an easement may be created by covenant, and that, although the easement in this case is in the form of a reservation, it is, in effect, a covenant, citing *Simmons* v. *Crisfield* (197 N. Y. 365). In that case there was a covenant that the front wall of any building erected on the premises should stand back at least twenty feet from the line of the street. The question in that case was as to whether the executor who made the deed containing the covenant under a power of sale could impose such liability upon the estate which he represented. The court held that the covenant, however, was something more than a mere executory contract; that if valid, it operated as a conveyance of an easement because an easement might be created by covenant as well as by express grant. The court, therefore, upheld the covenant in question.

I am unable to see that that case is any authority for the proposition that the reservation under consideration in the case

at bar is a covenant, within the meaning of the contract in controversy here. In that case, the easement seems to have been created by a covenant, and not a reservation. It is undoubted that an easement may be created in either way, but it seems to me that it is a considerable strain upon the meaning and intent of the language employed in this contract, " subject to covenants," etc., to hold that the parties to the contract intended to include within that language a reservation of an easement in a former deed, simply because such easement might have been created by a covenant, although it was actually created by a reservation.

The somewhat more perplexing question is as to whether this reservation is included within the meaning of the word " restrictions " used in the contract. Of course, broadly speaking, the reservation of an easement restricts the use of the property covered by such easement. But it seems to me reasonably clear that no such meaning could have been intended or understood by the parties to this contract. The clause in question is the usual clause inserted in real estate contracts to provide against the rejection of the title by the purchaser because of covenants and restrictions contained in former deeds in the chain of title which relate to the use which may be made of the property such as restricting it to certain classes of buildings, and their location, against certain business, nuisances, etc. Had it been intended to restrict the use of a portion of the property by an easement of a right of way which would destroy the substantial value of the portion affected, it seems to me it would have been specifically mentioned in the contract. Briefly stated, I think this clause was intended to include simply those forms of covenants and restrictions which have been termed by the courts " negative easements." Indeed, if the reasoning of the learned Special Term in this case is sound, it would follow, as asserted by appellant, that a purchaser would be required to take title where a former deed contained a covenant creating a life estate. It would also compel him to take title where a former deed contained a covenant for the payment of a large mortgage leaving little or no equity in the property. Of course, no such situation was in contemplation of the parties when they made the contract containing this subject clause.

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

KELLY, P. J., RICH, JAYCOX and MANNING, JJ., concur.

Order dismissing plaintiff's complaint reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.