BROADWAY-LONG BEACH REALTY CORPORATION, Plaintiff, v. SAMUEL FEIBER, Defendant.

Supreme Court, New York County, February 18, 1931.

*Louis R. Glantz,* for the plaintiff.

*Samuel S. Kogan,* for the defendant.

McCook, J.   This case was tried on the counterclaim for specific performance interposed by the defendant vendor of lands in Long Beach, Long Island.   The main action was one at law by the plaintiff vendee to recover its down payment, and the counterclaim was ordered severed and tried separately.   Title was rejected by the vendee on the ground of the existence of an easement in the New York Telephone Company, which plaintiff claimed was not excepted in the contract.   This easement was created by grant dated in 1911 from Estates of Long Beach, defendant's predecessor in title, and provided for rather extensive privileges to the telephone company to extend wires over and under the lands in question.   If this

easement is not indeed excepted in the contract, it constitutes a defect which, under the circumstances, justifies rejection of title. (*Fossume* v. *Requa*, 218 N. Y. 339; *Sorosis Building Corp.* v. *Prolay Realty Corp.*, 230 App. Div. 683.) But the defendant urges that the property was sold subject to " covenants, restrictions and reservations which might be of record affecting the said premises," and that, while the New York Telephone Company easement is admittedly neither a covenant nor a restriction (*Israelsky* v. *Levine*, 215 App. Div. 94), it is a reservation. A search of the title reveals the earliest conveyance from Estates of Long Beach since 1911, the date of the telephone company easement, was in 1915, and that it contains a reservation in the grantor of the right to extend telephone wires. But this reservation cannot be held, as a matter of law, to be notice of the existence of the earlier New York Telephone Company easement. The latter was not created by reservation, but by grant. The 1915 right retained by Estates of Long Beach was clearly a reservation (*Beardslee* v. *New Berlin Light & Power Co.*, 207 N. Y. 34, 39); but the 1911 right of the New York Telephone Company was by deed from the vendor. It could not be construed as a reservation because the telephone company was a stranger to the title in 1911, and it is elementary law that a reservation in favor of a stranger is void or inoperative. (*Beardslee* v. *New Berlin Light & Power Co., supra.*)

Nor can it be said that the easement of 1911 is no more burdensome than the reservation of 1915. In the first place, it is of a very elaborate nature, and it also provides for arbitration in the event of controversies, binding on the vendor and its assigns. Should there be disputes regarding the rights of the New York Telephone Company, the plaintiff would be compelled to forego its right to resort to the courts. The property is, therefore, subject to two burdens instead of the one created by the reservation of 1915. Nor has the defendant offered to secure the release of the property from this additional burden, but he has insisted that plaintiff specifically perform. Not having tendered what he agreed, defendant is not entitled to specific performance.

Judgment for plaintiff dismissing the counterclaim. Submit findings.