(No. 33161.—

JOHN A. BILLERBECK, Appellee, *vs.* DOROTHY WAGNER COLLINS *et al.,* Appellants.

*Opinion filed May 24, 1954.*

HAROLD R. SETTLES, of Freeport, for appellants.

BERT P. SNOW, of Freeport, for appellee.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

The question in this case is whether, under the particular circumstances here presented, a power given to an executrix to sell real estate authorized her to create an easement in other property of the estate in favor of the purchaser. The circuit court of Stephenson County held that it did, and entered a decree accordingly. A direct appeal was properly taken because a freehold is involved.

From the pleadings and a stipulation of the parties it appears that when John Wagner died in 1936 he owned two adjoining three-story buildings in Freeport, commonly known as 101 and 103 West Main Street. Between the two buildings there is a common party wall. A single stairway, located wholly within the building at 101 West Main Street, serves the upper floors of both buildings. The stairway opens onto the sidewalk, and at the second and third floor landing doorways afford access to the upper floors of both buildings. There is no access to the stairway at the first floor from the interior of either building. What, if any, other means of access there may be to the second and third floors of the building at 103 West Main Street other than by this stairway does not appear.

By his will Wagner devised a life estate in this property to his wife, Anne Wagner, with power to invade the principal to the extent needed, in her judgment, for her proper, suitable and comfortable support. The remainder was devised to his children, Dorothy Wagner Collins, Marshall P. Wagner and Phyllis J. Young. Wagner named his wife executrix and gave her the following power of sale: "I furthermore expressly authorize and empower her as such executrix to sell and convey either at public or private sale and on such terms and conditions of sale as she may deem best for the interest of my estate any and all of my real estate and personal property of which I may die seized or possessed and upon making any such sale of such property, I authorize and empower her as such executrix to make, execute and deliver to the purchaser or purchasers of such property good and sufficient deed or deeds of conveyance and bill or bills of sale therefor in as full and complete a manner as I could if living and present."

In 1939, Anne Wagner, individually and as executrix, conveyed the property at 103 West Main Street to John A. Billerbeck, the plaintiff, by a deed which contained the

following covenants: "The grantor herein as part of the consideration hereof does hereby grant and convey unto the grantee * * * the full, complete and uninterrupted use of the stairway adjoining the premises hereby conveyed * * * so long as the present building situated on the premises herein conveyed to grantee shall remain, this grant of such use of stairway aforesaid being intended, and to be so construed, as a permanent and perpetual easement of such stairway to said grantee * * * so long as the present building located upon the premises conveyed by this deed shall remain, and not otherwise." The deed also conveyed "the use of the East Half of the brick wall on the premises adjoining on the East and the premises conveyed by this deed, as a party wall, with all rights and privileges as generally pertain to party walls, to have and to hold the same unto said grantee * * * forever."

Anne Wagner died in 1946, survived by the three children named as remaindermen. Dorothy Wagner Collins has since acquired the interest of her sister, Phyllis J. Young, giving her a two-thirds undivided interest in the property at 101 West Main Street, and Marshall P. Wagner an undivided one-third interest.

The plaintiff operates a store at 103 West Main Street and uses the second and third floors of the building as a storeroom for his merchandise. His complaint alleged that his only access to the second and third floors of his building was by means of the stairway in the adjoining building of the defendants, that the defendants were engaged in remodeling their building at 101 West Main Street, and that they would, unless restrained, close off his means of access to the upper floors of his building, contrary to the covenants in the deed, which were binding upon them and the land acquired by them. The relief asked was an injunction.

By their answer and a counterclaim, defendants asserted that their father's will did not confer power upon

their mother, either as life tenant or as executrix, to create a permanent and perpetual easement or to execute any covenants binding upon them as remaindermen. Defendants' counterclaim sought a judgment setting aside the portion of the deed to plaintiff which related to the party wall agreement and the stairway easement as a cloud upon their title.

The decree, which was entered upon the pleadings and a stipulation of facts, granted a permanent injunction restraining defendants from interfering with plaintiff's access to the stairway, and ordered the defendants to restore the stairway and landings to the condition which existed before the remodeling of defendants' building was commenced. Judgment was entered in favor of plaintiff upon defendants' counterclaim. This appeal followed.

The controlling question is whether the power granted to Anne Wagner, executrix and life tenant under her husband's will, to sell property upon such terms and conditions as she deemed best for the estate, authorized her to grant the stairway and party wall easements as an incident to the sale of the property at 103 West Main Street. Upon the ground that an executor acting under a will in making a sale of property is generally held to a strict execution of the power conferred, and that a general power of sale does not include the power to lease, option, exchange, or mortgage the property, the defendants argue that authority was lacking to create the easements involved in this case.

Conceding that the general propositions relied upon by the defendants are correctly stated they fall short of deciding this case. There is a lack of specific authority upon the power of an executor to create easements. It has been stated that an executor may, as incidental to a power of sale, do such acts or make such agreements as may be necessary and proper to make an advantageous sale, and, in particular, may create easements. (33 C.J.S., Executors and Administrators, sec. 274c; 21 Am. Jur., Executors

and Administrators, sec. 696.) The case which is most closely in point is *Simmons* v. *Crisfield*, 197 N.Y. 365, 90 N.E. 956. There also the power of an executor to create an easement under a power to sell and convey real estate was challenged, upon the ground that since the executor had merely a naked power of sale he could not create an obligation binding upon the estate which he represented. To this contention the court replied: "If the property consisted of a row of buildings, the side walls of which were party walls, it would be impracticable to sell a single lot with the building thereon for any reasonable price, unless with the sale was conveyed the easement of support of such parts of the party walls as stood on the other lots. That would be true also in a case where several houses had but a single means of drainage. * * * We think in all these cases the question is whether under the circumstances the easement is such as might naturally be presumed to have been requisite or beneficial for an advantageous sale."

Under the circumstances of this case, the necessity of creating a party wall easement in order to sell the building at 103 West Main Street is obvious. Defendants seem to recognize this, suggesting a distinction between the easement to use the stairway and the grant of the use of the east wall as a party wall. Under the will the executrix had the power to sell one or both buildings as she deemed expedient; she was under no duty to sell both. Because of the physical situation, it appears to have been necessary for the executrix to include an easement for the use of the stairway in order to obtain a fair price for the property when she sold it in 1939. The grant of a power to sell the building at 103 West Main Street, unless it included power to afford reasonable means of access to the upper floors of the building would have been, for all practical purposes, futile. Under the circumstances described,

we are of the opinion that, as in *Simmons* v. *Crisfield,* the easement sold was of such character as might naturally be presumed to have been requisite or beneficial for an advantageous sale, and that it was therefore within the power of the executrix to convey, as appurtenant to the building sold, an easement of access by means of a stairway in the second building.

The fact that, under Wagner's will, the power granted to the executrix to sell may not have included the power to mortgage has little, if any, bearing upon the present question. The weight of authority appears to be that in the absence of anything in the instrument creating the power, read in the light of the surrounding circumstances, tending to indicate a contrary intent, a mere power of sale expressly conferred does not, by implication, confer authority to mortgage. (2 Page on Wills, 2d ed., sec. 1162; 92 A.L.R. 882, at 883; see: *Smith* v. *Hutchinson,* 108 Ill. 662.) But even when the question concerns the power to create a mortgage, which may result in the loss of the property for substantially less than its full value, the "surrounding circumstances" are not to be overlooked. Here they are dominant.

Construing the power of sale in the light of its manifest purpose and the physical structure of the two buildings, we are of the opinion that Wagner's will contemplated the sale of one or both buildings and that the executrix had the implied power to grant easements of the character here involved as an incident to the sale of the building at 103 West Main Street.

Other issues made and argued by the parties do not require consideration.

The decree of the circuit court of Stephenson County is affirmed.

*Decree affirmed.*