Jacob J. Schwartzwald, J.
Plaintiff sues herein to rescind a contract of sale of defendants’ home. The plaintiff sets forth two causes of action based on fraud and unmarketability of title, respectively. Defendants now move for summary judgment.
Plaintiff’s first cause of action in fraud is hereby stricken. The theory of plaintiff’s cause of action is that defendants concealed the fact that the property in question was to be condemned. However, the plaintiff does not impute to defendants any act or conduct by which it was deceived. Under these circumstances it has been held that the seller is under no duty to speak; the parties deal at arm’s length. The mere silence of the seller without some act or conduct which deceives the purchaser does not amount to a concealment that is actionable as an active fraud. (See Perin v. Mardine Realty Co., 5 A D 2d 685, affd. 6 N Y 2d 920 and cases cited therein.)
However, a more serious question is presented herein as to the marketability of defendants’ title. The survey shows an encroachment of a wall on Pulaski- Street 4 feet 7% inches. The defendants take the position that under the contract the plaintiff cannot object to this encroachment. The contract provides as follows:
‘ ‘ Subject to any state of facts an accurate survey would show provided it does not render the title unmarketable.
“ Said premises are sold and are to be conveyed subject to:
* -X= =&
“ 3. Encroachments of stoops, areas, cellar steps, trim and cornices, if any, upon any street or highway.”
Defendants thus contend that under these provisions of the .contract the plaintiff takes subject to this encroachment. The defendants ’ position is untenable.
The purchaser herein took subject to specific encroachments specified in the contract. The contract does not subject the purchaser to any and all encroachments. The language of that clause is plain and unambiguous and the court has no power to construct by implication a new contract in place of that delib *52 erately made by the parties. The encroachment herein consists of a front wall, not a stoop, area, cellar steps, trim or cornice. Thus, the clause herein does not embrace the encroachment in question. The case of English Speaking Union v. Payson (11 Misc 2d 669) is distinguishable since the encroachment in that case, entrance columns and steps, came within the subject clause of the contract.
Furthermore, though the purchaser took subject to any state of facts an accurate survey will show, that clause is limited in the contract by the phrase “ provided it does not render title unmarketable.” (Emphasis added.) Thus, the issue to be resolved herein is the narrow one of whether or not an encroachment of a front wall 4 feet 7% inches upon a public street renders title unmarketable. It has been held that a front wall encroaching two inches renders title unmarketable (Perlman v. Stellwagen, 115 Misc. 6). A fortiori, a wall encroaching 4 feet 7% inches renders title unmarketable. The fact that the municipal authorities have not ordered, nor is there any likelihood that the authorities will order, the removal of the encroachment is of no moment. The fact remains that the City Council and the Board of Estimate have the power to direct the removal of this encroachment. (See Administrative Code of the City of New Work, § C26-233.0.) The language of the Court of Appeals in the leading case of Acme Realty Co. v. Schinasi (215 N. Y. 495, 505) is appropriately quoted:
“ The projections on the plaintiff’s building, some of which have been found by the Appellate Division to be encroachments of substantial character upon the two streets by which the premises are bounded, may not be public nuisances so long as they are Sianctioned by the permissive ordinance and the permit of the building department, but they may be converted into such nuisances at any moment when the municipal authorities exercise the power to direct their removal. When the case of Broadbelt v. Loew was decided the exercise of that power was regarded as an extremely remote possibility. At the present time, in view of the changed policy of the city, it is impossible for the courts to take that view. We know that it has recently been exercised with reference to many encroachments that once were considered immune from municipal interference, and that the courts have upheld the action of the public authorities.
“ In these circumstances it cannot be said that a vendor has a marketable title if his building encroaches upon the public street to such an extent as to threaten a vendee with a substantial loss in the fee and rental value of the premises and a burdensome expense in altering the building to meet the *53 requirements of the law. A vendee has the right to a title that will enable him to hold his land in peace, and to be reasonably sure that no flaw or doubt will arise to affect its marketable quality and value.”
The ease of Levy v. Hill (174 N. Y. 536) cited and quoted by the defendants, relies upon the case of Broadbelt v. Loew (162 N. Y. 642) which was overruled by the Acme Realty Co. ease (supra).
Buie 113 of the Buies of Civil Practice states as follows: ‘£ If it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion.”
Accordingly, defendants’ motion for summary judgment is denied and their counterclaim is dismissed. However, upon all the facts presented herein the defendants ’ title is found unmarketable and summary judgment is hereby granted to the plaintiff. The case shall be set down for an assessment of plaintiff’s damage's. Settle order on notice.