Nicholas M. Pette., J.
In an action for the specific performance of a real estate contract or, in the alternative, for damages, the defendant moves for summary judgment dismissing the complaint and granting it judgment on its counterclaim. The plaintiff cross-moves for summary judgment in his favor.
The facts are not controverted. The plaintiff was the successful bidder at a public auction on a certain parcel of real estate owned by the defendant. He thereupon executed and delivered a memorandum of sale prepared by the defendant and made a down payment of $1,200, which was 20% of the $6,000 purchase price. The terms of the memorandum specified that the balance of $4,800 would he paid within 60 days and at that time the plaintiff would accept a deed to the premises. He refused to do so, claiming that the title as it stood was unmarketable.
The property consists of a lot approximately 75 by 225 feet in size. After the memorandum of sale was signed, the plaintiff caused a title search and a survey to be made. These indicated that a major portion of the property lay in the bed of a proposed street and that, in addition, the parcel was subject to a proposed street widening which would affect the front of the parcel. The only portion of the parcel which is not subject to acquisition for the proposed street or street widening is a portion which is approximately 15 by 220 feet in dimension. The Zoning Resolution of the City of New York prohibits construction on a plot of this size. Moreover, pursuant to section 35 of the General *407 City Law, a "building permit may not be issued for the construction of a building on that portion of the parcel which is in the bed of a mapped street. In the event that the defendant acquires any part of the premises lying within the bed of a street, paragraph 27th of the terms and conditions of sale provides that the plaintiff shall only be entitled to compensation in the amount of $1.
The plaintiff demands judgment that the defendant be compelled to specifically perform the agreement or, in the alternative, that he be awarded the sum of $52,500 as damages. The defendant counterclaims for specific performance or, in the alternative, for damages of $3,700.
The defendant contends that the brochure in which the parcel was advertised stated that the size and location of the lot were not guaranteed and that a portion of the parcel was in the bed of a street. It claims that the plaintiff must be required to accept the title as offered because he had notice sufficient to put him on inquiry before the sale and adequate notice of the proposed street. Moreover, although the parcel is too small to build on, it is not unmarketable since it may be sold to the abutting lot owner.
The memorandum of sale provided that the property would be conveyed ‘1 free and clear of liens and encumbrances, except as herein stated” and that the property was to be conveyed “ Subject to any state of facts an accurate survey would show, provided the same does not render title unmarketable ’ ’. Accordingly, the plaintiff contends that he is entitled to a marketable title irrespective of the fact that he may have had notice of the incumbrance. He further contends that the notice was insufficient since it merely stated that a portion of the property was in the bed of a street when, in actuality, more than 80% of the parcel was so situated.
Pursuant to the memorandum of sale, the plaintiff had a right to a marketable title. (Cf. Ossining Associates v. City of New York, 6 A D 2d 621, affd. 7 N Y 2d 865.) An encroachment of the premises on a proposed street is an incumbrance and such a title is unmarketable. (Agliata v. D’Agostino, 124 N. Y. S. 2d 212.) “ A vendee has the right to a title that will enable him to hold his land in peace, and to be reasonably sure that no flaw or doubt will arise to affect its marketable quality and value”. (Acme Realty Co. v. Schinasi, 215 N. Y. 495, 506; Brockton Associates v. Weinbaum, 23 Misc 2d 50.) Although the plaintiff had notice that a portion of the parcel was in the bed of a street, the defendant agreed to furnish a marketable title. The court may not require the plaintiff to accept anything *408 less than that for which he bargained. (Rosenberg v. Centre Davis Corp., 209 N. Y. S. 2d 19, affd. 15 A D 2d 506.) If the defendant intended to convey a parcel which was not marketable and could only be used for some purpose other than building, it should have so provided in its notice of sale and should not have agreed to furnish a marketable title. (Ossining Associates v. City of New York, supra, p. 623.)
The plaintiff, however, is not entitled to the damages he seeks. The memorandum of sale provided that ‘ ‘ In the event the City is unable to convey a marketable title * * * the successful bidder shall be entitled only to the return of the sum paid on account of the bid ‘ but not auctioneers ’ fees’, and the parties shall be mutually released of all their obligations under the terms of the sale.”
The cross motion is granted and the plaintiff is awarded summary judgment in the sum of $1,200. The defendant’s motion is denied.