Joseph Life, J.
Motion by the defendants and cross motion by the plaintiff for summary judgment.
The complaint pleads an action to recover the down payment ($1,500) on a contract for the sale of real property, together with legal expenses ($750) for attorneys’ fees and examination of title. The answer, in addition to denials of certain allegations of the complaint, pleads a defense of anticipatory breach of the contract and a counterclaim for $30,000 damages resulting from the breach of contract.
The contract is dated February 18, 1967. Insofar as pertinent it provides for the sale of the premises described therein to be:
“ subject to any state of facts an accurate survey would show provided the same does not render the title unmarketable.
* ‘ subject to covenants and restrictions of record, if any, provided the present building and structures do not violate the same. ”
Exhibit VI (attached to the defendants’ motion papers) is a copy of a search made by a title company. That exhibit reveals that in addition to covenants and restrictions, there exist as incumbrances on the record two agreements (electric and telephone). Those agreements affect the southerly 2.5 feet of the premises. Defendants contend that “ a casual inspection of the premises readily reveals the existence of telephone and electrical utility easements ”.
The words ‘ ‘ covenants and restrictions ’ ’ do not cover easements (Israelsky v. Levine, 215 App. Div. 94). The easements for the telephoiie and electric lines were not excepted in the contract. Their presence justifies a rejection of title as unmarketable (Broadway-Long Beach Realty Corp. v. Feiber, 141 Misc. 764; Clark v. Riverhead Sav. Bank, 260 App. Div. 1022, affd. 286 N. Y. 588). Moreover, the knowledge by the plaintiff of the existence of the utility lines over the property does not bar it from raising the objection (Pryor v. City of Buffalo, 197 N. Y. 123, 136).
Thus, the result is unfortunate but if a vendor wishes to convey subject to an encumbrance affecting title the contract should include the appropriate exception (Dukas v. Tolmach, 2 A D 2d 57), and the court may not impose an agreement other than that which was arrived at between the parties (Brockton Assoc. v. Weinbaum, 23 Misc 2d 50). Here too the parties *789 agreed that the vendor would give and the vendee “accept a title such as any reputable New York title co. will approve and insure. ” The refusal of the title company to insure title without the exceptions constitutes a basis for the rejection of, title as being unmarketable (Dukas v. Tolmach, supra, p. 60).
The date for the title closing was June 30, 1967 but as the aforesaid defect rendered the title incurably defective it was not necessary for the plaintiff purchaser to await the closing date to demand a return of its down payment. Therefore, the plaintiff’s demand on April 14, 1967 may not be considered an anticipatory breach of the contract.
The contract provides for the return of the down payment and “ the net cost of examining the title ”. It does not provide for the recovery of counsel fees when the seller is unable to convey title in accordance with the contract. Accordingly the plaintiff will be granted judgment for $1,500 plus the cost of examining the title (to be agreed upon by parties or to be determined on a hearing at Special Term, Part II) with interest from April 14, 1967. The counterclaim is dismissed and the answer stricken.